UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 5:26-CR-00066-REW-MAS |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| COREY ALLEN BURCH, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 11 (Minute Entry), United States Magistrate Judge Matthew A. Stinnett recommended that the undersigned accept Defendant Corey Allen Burch's guilty plea and adjudge him guilty of the sole count of the Information (DE 4). *See* DE 14 (Recommendation); *see also* DE 5 (Plea Agreement); DE 12 (Waiver of Indictment). Judge Stinnett expressly informed Burch of his right to object to the recommendation and secure *de novo* review from the undersigned. *See* DE 14 at 4. The established three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate [judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection"

filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

The Court, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 14, **ACCEPTS** Burch's guilty plea, and **ADJUDGES** Burch guilty of the sole count of the Information;

2. Further, per Judge Stinnett's recommendation and Defendant's plea agreement (DE 5 ¶ 9), the Court provisionally **FINDS** that the property identified in the Information's Forfeiture Allegations, DE 4 at 2 (U.S. currency), is forfeitable. Defendant has an interest in said property, and the Court preliminarily **ADJUDGES** Defendant's interest in such property **FORFEITED**. Per the Plea Agreement, the forfeiture, via this Preliminary Order, is in the form of a money judgment in the amount of $1,161.50.  Under Criminal Rule 32.2, and absent pre-judgment objection, "the preliminary forfeiture order becomes final as to" Defendant at sentencing. Fed. R. Crim. P. 32.2 (b)(4)(A). The Court will further address forfeiture, and reflect any administrative forfeiture that is concluded, at that time. *See id.* at (b)(4)(B); and

3. The Court will issue a separate sentencing order.[1]

This the 17th day of July, 2026.



Signed By:

*Robert E. Wier*

**United States District Judge**

---

[1] Burch was remanded to custody post-plea. *See* DE 11.  Burch will remain in custody pending sentencing, subject to intervening orders.